IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERALD CLEVENGER JR., ) | |
| ) | |
| Plaintiff, ) | 4:06CV3218 |
| ) | |
| v. ) | |
| ) | |
| ALLTEL COMMUNICATIONS, Inc., ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to the parties' consent, this case is pending before me for final disposition.[1]  Defendant Alltel Communications, Inc. ("Alltel") has filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted.  Filing 12.  The defendant argues that the plaintiff cannot recover against Alltel under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.)("FDCPA") because, with regard to the debt at issue, Alltel is the creditor and not a "debt collector" as defined under 15 U.S.C. § 1692(a)(6).  The defendant states:

> A creditor attempting to collect its own debt can only be liable when, in the process of so doing, it uses a name which would indicate that a third person is collecting or attempting to collect the debt.  Kempf v. Famous Barr Co., 676 F.Supp. 937, 938 (E.D. Mo. 1988) (citing 15 U.S.C. § 1692a(6)); Sheldon v. Unum Life Ins. Co. of America, WL 1288774, *1-*2 (D. Neb. 2006).  No such allegations are contained within the Complaint.  Thus, this Defendant does not fall within the definition of "debt collector" as defined under the Fair Debt Collection Practices Act, and the Complaint should be dismissed.

Filing 13 (Alltel brief), p. 2-3.

---

[1] See filing 17, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge," and 28 U.S.C. § 636(c).

In response, the plaintiff argues that the allegations of his complaint, which are assumed to be true for the purposes of a 12(b)(6) motion, state a claim against Alltel.

> Plaintiff has alleged that Alltel Communications of Nebraska, Inc., is a debt collector as defined by the Act; therefore, for purposes of this motion, Alltel Communications of Nebraska, Inc., must be considered a debt collector. Further, if the Defendant is a debt collector and has committed the violations claimed in the Complaint, Plaintiff is entitled to relief. Consequently, dismissal is not proper under Rule 12(b)(6).

Filing 16 (Clevenger brief), p. 2.

The plaintiff's complaint contains no allegations describing the debt at issue. Specifically, there are no allegations or exhibits attached to the complaint explaining how the plaintiff incurred the alleged charges underlying the payment demand or whether the debt is for goods or services provided to the plaintiff by Alltel. However, notice pleading is permitted in federal court, and based on the bare allegations of the plaintiff's complaint, the plaintiff claims Alltel acted as a debt collector and violated the plaintiff's rights under the FDCPA. No evidence has been submitted challenging the validity of this allegation.[2] Accordingly, Alltel's motion to dismiss must be denied.

---

[2] See Fed. R. Civ. P. 12(b)(6), allowing the court to consider a Rule 12(b)(6) motion as a motion for summary judgment, (Fed. R. Civ. P. 56), where the moving party submits evidence challenging the plaintiff's complaint.

IT THEREFORE HEREBY IS ORDERED: The defendant's motion to dismiss, filing 12, is denied.

DATED this 10th day of January, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge